J-S37030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE NIEVES | : | |
| | : | |
| Appellant | : | No. 186 EDA 2018 |

Appeal from the PCRA Order December 7, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0007388-2011

BEFORE:  BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

CONCURRING MEMORANDUM BY BOWES, J.:   **FILED DECEMBER 27, 2019**

I agree with my learned colleagues that Appellant is not entitled to relief on his ineffective assistance of counsel claims, such that the PCRA court did not err when it denied his PCRA petition.  However, I write separately to note my disagreement with the majority's analysis of Appellant's second issue.

In his second claim, Appellant contends that trial counsel was ineffective for failing to object to the admission of testimony by Detective Sam Gonzalez concerning a statement made to him by Demaris Molina, an alleged eyewitness who did not testify at trial.  Even though the statement itself was not shown to the jury, Appellant argued that testimony from a Commonwealth witness indicating the existence of the statement was problematic because it invited the jury to conclude that Molina had identified Appellant as the shooter.  Appellant's brief at 9.

The majority rejected Appellant's ineffectiveness issue on the basis that "the record supported the PCRA court's determination that trial counsel did object to the admission of Ms. Molina's statement." Majority Memorandum at 8. In making this finding, the majority conceded that no such objection occurred on the record at trial. *Id*. at 8-9. However, despite this acknowledgment, the majority nonetheless posits that an "objection may have been made by trial counsel during an off-the record discussion," since "the statement was not admitted into evidence or provided to the jury" and there was an off-the record discussion noted during Detective Gonzalez's testimony. *Id*. at 9; *see also* N.T. Jury Trial – Volume One, 6/25/12, at 77. Such speculation is an improper departure from long-established precedent, requiring appellate courts to review the decisions of trial courts based on a review of the certified record alone.[1] *See Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974).

However, I agree with the majority's conclusion that Appellant's claim lacks arguable merit. Appellant proceeds from the premise that because the jury heard evidence that Molina made a statement, they automatically assumed that Molina had identified Appellant as the perpetrator. That is an

_____

[1] To the extent that the majority supports its conclusion with the PCRA court's opinion, such reliance is similarly misplaced. *See* Majority Memorandum at 8. In its opinion, the PCRA court pointed out that trial counsel objected during closing argument to the prosecutor's mention of Molina as having been present at the scene of the crime, but not to the mention of the existence of the statement itself. *See* PCRA Court Opinion, 10/18/18, at 7. The PCRA court never specifically found that trial counsel objected to the substantive testimony elicited from Detective Gonzalez.

- 2 -

unreasonable inference to draw from the record before us. Further, the record supports the PCRA court's conclusion that trial counsel had no reason to object because the testimony consisted of purely admissible "course of conduct" evidence. **See** Trial Court Opinion, 10/18/18, at 7; **see also Commonwealth v. Weiss**, 81 A.3d 767, 806 (Pa. 2013) ("It is well established that certain out-of-court statements offered to explain the course of police conduct are admissible because they are offered not for the truth of the matters asserted but rather to show the information upon which police acted.").

Additionally, Appellant has failed to demonstrate prejudice. As the Commonwealth repeatedly argued, and the PCRA court opined, the actual statement was never admitted. Nor were its contents ever revealed to the jury. Further, Detective Gonzalez's testimony was limited to a handful of questions that allowed him to detail his role in the investigation.[2] Therefore, I would find that the record supports the PCRA court's denial of this claim. Accordingly, I concur in the result, but on different grounds.

---

[2] Although, Appellant has limited his issue to Detective Gonzalez's testimony, it is worth noting that counsel's effective advocacy did limit what the jury heard regarding Molina's involvement. The Commonwealth intended to offer the testimony of Officer Brian Johnson to explain that, on August 26, 2011, Molina complained of an assault at the hands of Marisol Pagan, Appellant's other paramour. This assault occurred two days after Molina's statement was given to the defense in discovery. The Commonwealth intended to put forth this testimony to show the jury why Molina was not present at trial. N.T. Jury Trial – Volume One, 6/25/12, at 87-88. However, at a side bar, the trial court sustained trial counsel's objection to this testimony in its entirety, finding that the potential prejudice to Appellant outweighed its probative value. **Id**. at 89.